UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-168-RJC

| HERBERT J. ROBINSON, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| DOUGLAS B. UNDERWOOD, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's civil rights Complaint filed under 42 U.S.C. § 1983. (Doc. No. 1). Pursuant to 28 U.S.C. § 1915A(a), the "court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1). The Court has conducted this initial review and concludes that Plaintiff's Complaint must be dismissed for failure to state any claim upon which relief can be granted.

**I.      FACTUAL BACKGROUND**

In his Complaint, Plaintiff alleges he is incarcerated in the Union County Jail in Monroe, North Carolina. Plaintiff explains that he did not participate in an administrative grievance procedure and that he took no action until he learned from a friend that he could file a Section 1983 complaint. (Doc. No. 1 at 1, 3). Plaintiff names as Defendant, Douglas B. Underwood. According to the Complaint, Mr. Underwood is an attorney who represented Plaintiff during the negotiation of plea offer. Plaintiff alleges that during the course of these negotiations, he "was

1

not aware of Mr. Underwood's state of mind or of his chemical dependency at the time he was representing me." Plaintiff states that he accepted a plea because Mr. Underwood scared him into doing so while Mr. Underwood was not in "complete control of his mental faculties." Plaintiff reasons that Mr. Underwood's alleged "lack of full attention to [his] case may have resulted in rushing into a less attractive plea and could therefore have" added years to his ultimate prison term. (Id. at 4).

## II. STANDARD OF REVIEW

A case filed under Section 1983 provides a possible remedy if a person acting under color of state law deprives someone of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff .").

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir.1990).

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). It is not necessary that Plaintiff allege exhaustive, "detailed factual allegations," but [Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555).

### III. DISCUSSION

Plaintiff contends that his attorney, Douglas Underwood, provided ineffective assistance of counsel due to an alleged mental impairment brought on by an unnamed chemical dependency. (Doc. No. 1 at 4).

The state of the law is clear on this issue: No action will lie under Section 1983 against a defense attorney, whether privately retained, court-appointed, or a public defender, because defense counsel does not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (explaining that it is well understood that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983", in the case of Polk Cnty., a public defender); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (dismissal of § 1983 complaint affirmed where claims against court-appointed attorney lacked necessary "state action" requirement); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against retained counsel).

Although Plaintiff's Complaint does not appear to identify which variety of attorney Mr. Underwood is, it is safe to conclude that he would fall into one of the above-mentioned categories. Plaintiff's claims and the Complaint against Mr. Underwood must be dismissed because there are no allegations that he was acting under color of state law when he served as Plaintiff's counsel. 42 U.S.C. § 1983.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

Signed: May 30, 2012

Robert J. Conrad, Jr.
Chief United States District Judge